UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHARILYNE McDONOUGH and<br>MICHAEL McDONOUGH<br><br>    Plaintiffs,<br><br>v.<br><br>THE PORTLAND POLICE DEPARTMENT,<br>CITY OF PORTLAND,<br>OFFICER KEVIN HALEY,<br>OFFICER JOHN NUESLEIN,<br>CHIEF OF POLICE MICHAEL SAUSCHUCK,<br>JO FREEDMAN,<br>PATRICIA McDONOUGH and<br>JOHN McDONOUGH<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
AND JURY TRIAL DEMAND**

NOW COME Defendants, Portland Police Department, City of Portland, Officer Kevin Haley, Officer John Nueslein, Chief of Police Michael Sauschuck, and Jo Freedman, by and through undersigned counsel, and answer Plaintiffs' Complaint as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      The allegations in paragraph 1 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, deny same.

1

3.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, deny same.

4.     Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.     Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.     Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.     Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.     Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.     Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, deny same.

11.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, deny same.

12.    Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.    The allegations in paragraph 13 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 13 of the Complaint.

## STATEMENT OF FACTS

14.    Defendants admit the first sentence of paragraph 14 of the Complaint except for the allegation that it occurred "in the early morning," which is denied.  Defendants also admit the second sentence of paragraph 14 of the Complaint but deny the third and fourth sentences.

15.    Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.    Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants admit that Defendant Haley went to the residence but deny the rest of the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants admit that Plaintiff SheriLyne allowed Defendant Haley to go into the bedroom to observe Michael sleeping but deny the rest of the allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that Defendant Haley saw that Michael was sleeping but deny the rest of the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit that Defendants Haley and Nueslein went to the residence on January 26, 2013 but deny the rest of the allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit that Defendant Haley called Plaintiff and deny the rest of the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants admit that Defendant Haley spoke to Michael on the second floor of the residence without his mother but deny the remaining allegations contained in paragraph 31 of the Complaint.

32.     Defendants admit the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants admit that Defendant Haley asked questions about his medication but deny the remaining allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants admit that Plaintiff SheriLyne followed officers to Maine Medical Center but deny the remaining allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, deny same.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants admit the first sentence of paragraph 44 of the Complaint but deny the remaining allegations contained in paragraph 44 of the Complaint.

45.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 45 of the Complaint but will admit the second sentence of paragraph 45 of the Complaint.

46.     Defendants admit the first sentence of paragraph 46 of the Complaint and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint and, therefore, deny same.

47.     Defendants admit that Sgt. Nueslein agreed that police would discontinue checks, unless called for specific complaints in the future and that Plaintiffs could get a copy of the report when it was completed but deny that Defendant Haley, specifically, was told not to return.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, deny same. No Exhibit 1 was provided.

50.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, deny same. No Exhibit 1 was provided with the Complaint.

51.     Defendants admit the allegations contained in paragraph 51 of the Complaint but no Exhibit 2 was provided with the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint and state that the letter speaks for itself.

53.     Defendants admit the allegations contained in paragraph 53 of the Complaint.

54.     Defendants admit that Defendant Freedman went to the house to check on the wellbeing of Michael after another call expressing concern about his well being from a family member.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint and, therefore, deny same.  No Exhibit 3 was provided with the Complaint.

55.     Defendants admit that Freedman came to the residence on that date after another family member expressed concern about Michael McDononugh's well being, but deny the remaining allegations contained in paragraph 55 of the Complaint.

56.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, therefore, deny same. No Exhibit 4 was provided with the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     The allegations contained in paragraph 61 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 61 of the Complaint.

## COUNT I - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

62.     Defendants repeat and reallege their responses contained in paragraphs 1 through 61 herein.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

73. Defendants repeat and reallege their responses contained in paragraphs 1 through 72 herein.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

## COUNT III – FALSE ARREST AND FALSE IMPRISONMENT
## AGAINST DEFENDANTS HALEY AND NUESLEIN

84. Defendants repeat and reallege their responses contained in paragraphs 1 through 83 herein.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and, therefore, deny same.

90.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and, therefore, deny same.

91.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint and, therefore, deny same.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

## COUNT IV – UNLAWFUL ARREST / CUSTODIAL TAKING AGAINST DEFENDANTS HALEY AND NUESLEIN

97.     Defendants repeat and reallege their responses contained in paragraphs 1 through 96 herein.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

## COUNT V – TRESPASS AGAINST DEFENDANTS HALEY, NUESLEIN AND FREEDMAN

103.    Defendants repeat and reallege their responses contained in paragraphs 1 through 102 herein.

104.    Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in paragraph 113 of the Complaint.

**COUNT VI – NUISANCE AGAINST DEFENDANTS HALEY, NUESLEIN, FREEDMAN, PATRICIA MCDONOUGH AND JOHN MCDONOUGH**

114.    Defendants repeat and reallege their responses contained in paragraphs 1 through 113 herein.

115.    Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the Complaint.

**COUNT VII – INVASION OF PRIVACY AGAINST DEFENDANTS PORTLAND POLICE DEPARTMENT, HALEY, NUESLEIN, FREEDMAN, PATRICIA MCDONOUGH AND JOHN MCDONOUGH**

121.    Defendants repeat and reallege their responses contained in paragraphs 1 through 120 herein.

122.    Defendants admit the allegations contained in paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    Defendants admit the allegations contained in paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the Complaint.

**COUNT VIII – 42 U.S.C. § 1983 VIOLATION AS AGAINST DEFENDANTS OFFICER KEVIN HALEY, OFFICER JOHN NUESLEIN AND JO FREEDMAN**

131.    Defendants repeat and reallege their responses contained in paragraphs 1 through 130 herein.

132.    Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Complaint.

**COUNT IX – 42 U.S.C. § 1983 SUPERVISORY VIOLATION AGAINST DEFENDANTS CHIEF OF POLICE MICHAEL SAUSCHUCK AND PORTLAND POLICE DEPARTMENT**

140.    Defendants repeat and reallege their responses contained in paragraphs 1 through 139 herein.

141.     Defendants admit that Chief Sauschuck received an undated letter from Michael McDonough noting such allegations concerning Officer Haley's transport to Maine Medical Center on February 26, 2013 but deny the remaining allegations contained in paragraph 141 of the Complaint.

142.     Defendants admit that Chief Sauschuck received an undated letter, postmarked April 1, 2013, from Michael McDonough concerning the events of January 26, 2013.

143.     Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.     Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.     Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.     The allegations contained in paragraph 146 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.     The allegations contained in paragraph 147 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.     Defendants deny any violation of Plaintiffs' rights.

149.     Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.     Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.     Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.     Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.     Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.     Defendants deny the allegations contained in paragraph 154 of the Complaint.

## COUNT X – 42 U.S.C. § 1983 MUNICIPAL VIOLATION AGAINST DEFENDANT CITY OF PORTLAND

155.    Defendants repeat and reallege their responses contained in paragraphs 1 through 154 herein.

156.    Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.    Defendants admit the allegations contained in paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in paragraph 163 of the Complaint.

## COUNT XI – 5 M.R.S. A. § 4682 – MAINE CIVIL RIGHTS ACT VIOLATION AGAINST DEFENDANTS HALEY, NUESLEIN, SAUSCHUCK, FREEDMAN, PATRICIA AND JOHN

164.    Defendants repeat and reallege their responses contained in paragraphs 1 through 163 herein.

165.    The statute referenced in Paragraph 165 of the Complaint is a legal document that speaks for itself.  To the extent that Paragraph 165 asserts any facts inconsistent therewith, they are denied.

166.    Defendants admit the first sentence contained in paragraph 166 of the Complaint and deny the remaining allegations contained in paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in paragraph 167 of the Complaint.

WHEREFORE, Defendants respectfully request judgment in their favor on all Counts of Plaintiffs' Complaint, plus their costs of suit.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1.      Defendants affirmatively defend by stating that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Defendants affirmatively defend by stating that numerous tort claims in Plaintiffs' Complaint are barred by the statute of limitations.

3.      Defendants affirmatively defend by stating that their conduct was privileged.

4.      Defendants affirmatively defend by stating that Plaintiffs have failed to mitigate their own damages.

5.      Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

6.      If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

7.      Any action taken by these Defendants was based upon legal obligations they have to investigate complaints or concerns about the well being of citizens, especially in situations where the citizen's ability to care for himself may be questionable.

8.      Defendant City of Portland has no liability for damages because no conduct of its employees violated clearly established law and therefore any alleged failure to train, manage, discipline, or supervise could not have been a proximate cause of Plaintiffs' damages.

13

9.      Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort, which tort liability is barred by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

10.     No clearly established rights of Plaintiff were violated by Defendants' actions.

11.     The decision to transport Michael McDonough to the hospital for an evaluation by Defendants was objectively reasonable in light of the facts and circumstances surrounding the incident.

12.     Plaintiffs' claim is barred by the doctrine of estoppel and/or preclusion.

13.     Defendants affirmatively defend by stating that Plaintiffs' injuries, if any, were not caused by any municipal policy or custom, or by any conduct of the individual Defendants.

14.     Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

15.     Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

16.     Defendants acted at all times in good faith and without malice.

17.     Defendants assert that Plaintiff Michael McDonough voluntarily agreed to be transported to MMC for an evaluation of his physical and mental well being and was not seized and/or transported involuntarily.

17.     Defendant Portland Police Department is not a legal entity with the capacity to sue or be sued and therefore is not a proper party to this action

18.     Defendants affirmatively defend by stating that no supervisory liability can lie in the absence of a violation of Plaintiffs' rights by an officer that is observed by a supervisory

officer who had a reasonable opportunity to intervene and stop such violations but failed to do so.

19.     All visits to Plaintiffs' residence to check on the well being of Michael McDonough were based on legitimate concerns about his mental and/or physical health that were conveyed to Defendants from close family members, acting on their own observations and knowledge and information provided to them by Plaintiffs' neighbors.


DATED:  November 22, 2016                  /s/ Edward R. Benjamin, Jr.
                                           Edward R. Benjamin, Jr.
                                           Kasia S. Park

                                           Attorneys for Defendants

                                           Portland Police Department
                                           City of Portland
                                           Officer Kevin Haley
                                           Officer John Nueslein
                                           Chief of Police Michael Sauschuck
                                           Jo Freedman


Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2016, I electronically filed Defendants' Answer

and Demand for Jury Trial with the Clerk of Court via e-mail at

newcases.portland@med.uscourts.gov.  I also certify that I made service of the foregoing, by

depositing a true copy of same, on this date, in the U.S. Mail, postage prepaid to:

> Jeffrey Bennett, Esq.
> Legal Ease LLC PA
> 198 Maine Mall Road, Box 15
> South Portland, ME  04106
>
> Melissa Coulombe Lalumiere
> Legal Ease LLC PA
> 198 Maine Mall Road, Box 15
> South Portland, ME  04106
>
> J. William Druary, Jr., Esq.
> Marden Dubord Bernier & Stevens, PA LLC
> 44 Elm Street
> P.O. Box 708
> Waterville, ME  04903-0708

*/s/Edward R. Benjamin, Jr.*
Attorney for Defendants

Portland Police Department
City of Portland
Officer Kevin Haley
Officer John Nueslein
Chief of Police Michael Sauschuck
Jo Freedman

16